UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ONTERIA L. REESE,

    Plaintiff,

v.                                                CASE NO. 3:17-cv-508-J-34MCR

CAMBRIDGE ESTATES HOMEOWNERS
ASSOCIATION INC. and
RACHEL R. TAUBE, Esq.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). (Docs. 10, 11.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

### I. Background

On May 2, 2017, Plaintiff filed a Complaint along with an Application to

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed finding and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Proceed in District Court Without Prepaying Fees or Costs.[2]  (Docs. 1, 2.)  The Court denied the Application for Plaintiff's failure to notarize the Application, for failure to allege an adequate basis for subject matter jurisdiction, and for failure to state any plausible claims.  (Doc. 9 at 4.)  The Court instructed Plaintiff to file an amended complaint on or before August 18, 2017, that complies with the Order and all applicable rules and law.  (Doc. 9 at 5.)  Plaintiff was "cautioned that the Court will not rewrite the Complaint or any amended complaint to find a claim," and that her failure to comply with the Order "will likely result in a recommendation to the District Judge that the Application be denied and/or that this case be dismissed." (*Id.*)  On August 17, 2017, Plaintiff filed an Amended Complaint along with the Application.  (Docs. 10, 11.)  Plaintiff sufficiently completed the "Long Form" Application and had the Application notarized.  (Doc. 11.)  However, as explained further herein, the undersigned recommends dismissal, as the Amended Complaint suffers from similar defects as the Initial Complaint.

## II. Standard

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915(a)(1).  The Court's decision to grant *in forma pauperis* status is

---

[2] The Complaint was initially filed by Onteria Reese-Lennell and Arthur Reese. (Doc. 1.)

discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F. 3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing

that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims. See Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a).

Additionally, the Court must *sua sponte* dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); s*ee also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) ("If at any time the district court determines that it lacks subject matter jurisdiction, the court must dismiss the action.") (internal quotation marks omitted); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a

4

> plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted). "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

### III.   Discussion

Although it appears that Plaintiff may be financially unable to pay the filing fee, a review of the Amended Complaint reveals that it is likely subject to dismissal for failure to state a claim on which relief may be granted.

Plaintiff asserts claims against a homeowners' association ("HOA") and its attorney. She alleges that Defendants violated her constitutional rights by foreclosing on her home. (Doc. 10 at 3-4.) Specifically, Plaintiff alleges that the foreclosure complaint's allegations that she "failed to pay the assessments and special assessments imposed through the HOA Covenants and Restrictions beginning January 1, 2011 . . . are false." (Doc. 10 at 4.) Plaintiff further alleges that, as a result, Defendants violated her Fourteenth Amendment due process

rights and that her Fourth Amendment rights were violated as the loss of her home constituted an unreasonable seizure.[3]  Plaintiff seeks monetary relief in the amount of $110,000.00.[4]

"It is well settled that the [F]ourteenth [A]mendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities."  *Jeffries v. Georgia Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)).  A private party's actions may be characterized as government action "where the government affirmatively facilitates, encourages, or authorizes the objectionable practice."  *Id.*  Similarly, the Fourth Amendment is inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."  *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

As noted above, Defendants are an HOA and its attorney.  It appears Defendants are wholly private actors, and Plaintiff fails to make any allegation

---

[3] Plaintiff also cites as a basis for jurisdiction the federal criminal statute for making false statements in any matter within the jurisdiction of a branch of the United States Government, 18 U.S.C. § 1001, which has no applicability to Plaintiff's civil suit.

[4] Plaintiff's initial Complaint sought review of the state court foreclosure proceedings in 2016-CC-10408 and an injunction against the result in those proceedings, as well as monetary damages.  (*See* Doc. 1 at 2.)  However, Plaintiff's Amended Complaint appears to allege misconduct claims against the HOA and its attorney during the state foreclosure proceedings and seeks only monetary damages.

6

that Defendants are state actors or were acting as agents of the state. *See, e.g., Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process."). Thus, Plaintiff has failed to state a claim on which relief may be granted.[5]

Because Plaintiff failed to follow the Court's instructions and to submit an amended complaint in compliance with the prior Order, the Court may *sua sponte* dismiss the action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). The undersigned recommends such result here.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Application (**Doc. 11**) be **DENIED**.

2.    The case be **DISMISSED without prejudice**.

3.    The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 19, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[5] To the extent that Plaintiff continues to seek review of the state court foreclosure decision and injunctive relief, those claims would be barred by the *Rooker-Feldman* doctrine for the reasons previously explained by Judge Klindt in his Report and Recommendation in a similar case. (*See* Doc. 9 in *Lennell Reese, et al. v. Cambridge Estates Homeowners Ass. Inc., et al.*, 3:17-cv-732-J-39JRK).

Copies to:

*Pro Se* Plaintiff